GIBBS WIRE AND STEEL COMPANY, INC., Plaintiff,

v.

Robert B. JOHNSON, Trustee, and Robert C. Johnson, II, Trustee, Defendants.

No. 3:08 CV 551(MRK).

United States District Court, D. Connecticut.

Jan. 29, 2009.

Dominic Fulco, III, Maurice T. Fitzmaurice, Reid & Riege, P.C., Hartford, CT, for Plaintiff.

James M. Moriarty, James E. Nealon, Kelley Drye & Warren, Stamford, CT, for Defendants.

### *RULING AND ORDER*

MARK R. KRAVITZ, District Judge.

Plaintiff Gibbs Wire and Steel Company ("the Company") brought this action in state court against Robert B. Johnson and Robert C. Johnson, II ("Defendants") for breach of contract for failing to sell their stock to the Company pursuant to a "right of first refusal" provision in the Company's by-laws. Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441 on the basis of complete diversity between the parties. It is undisputed that the Company is a Connecticut corporation with its principal place of business in Connecticut, while Defendants are citizens of Florida. Thereafter, Defendants filed a counterclaim against the Company, alleging that the "right of first refusal" provision in the by-laws constituted an unreasonable restraint on alienation and should

be declared null and void. In response, the Company filed a Motion to Dismiss for Failure to Join Indispensable Parties under Rule 12(b)(7) [doc. # 37], arguing that the other shareholders of the Company were necessary and indispensable parties to Defendants' counterclaim, that joinder was not possible because diversity jurisdiction would be destroyed, and therefore that Defendants' counterclaim should be dismissed under Rule 19(b) of the *Federal Rules of Civil Procedure*. For the reasons that follow, the Motion to Dismiss for Failure to Join Indispensable Parties under Rule 12(b)(7) [doc. # 37] is DENIED.

### I.

At the Court's request, the parties have extensively briefed the question of whether, assuming that the non-party shareholders are necessary parties under Rule 19(a), the Court could exercise jurisdiction over the counterclaim against them pursuant to 28 U.S.C. § 1367(a). Of particular importance to this question is the limitation on supplemental jurisdiction found in 28 U.S.C. § 1367(b), which states:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, *the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure,* or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(Emphasis added). Jurisdiction in this case is founded solely on 28 U.S.C. § 1332 and it is undisputed that some of the non-party shareholders are citizens of Florida, the same state as Defendants, and thus their joinder would destroy complete diversity.

There is a dispute, however, as to the meaning of "plaintiff" in § 1367(b). The Company argues that "plaintiff" refers not only to original plaintiffs, but also to third-party plaintiffs, such as Defendants insofar as their counterclaim is concerned. In that case, the Court could not exercise supplemental jurisdiction over the counterclaim because it would be a "claim[ ] by plaintiff[ ] against persons made parties" under Rule 19. Defendants, on the other hand, argue that "plaintiff" refers only to the original plaintiff in the action and, therefore, the Court can exercise supplemental jurisdiction over the parties to Defendants' counterclaim pursuant to 28 U.S.C. § 1367(a), even if there is not complete diversity among the parties.

In *Viacom Int'l, Inc. v. Kearney,* 212 F.3d 721 (2d Cir.2000), the Second Circuit agreed with Defendants, holding that " § 1367(b) reflects Congress' intent to prevent original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity." *Id.* at 726–27. The court reasoned that "because defendants are involuntarily brought into court, their claims are not deemed as suspect as those of the plaintiff, who is the master of his complaint." *Id.* at 727 (quotation marks and brackets omitted). The Second Circuit concluded that the district court could exercise supplemental jurisdiction over a fourth-party defendant's counterclaim against the original plaintiff.

If that were the Second Circuit's final word on the subject, the Court would be confident that it could exercise supplemental jurisdiction over Defendants' counterclaim. However, recent changes in the law cast doubt on that conclusion. In *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005), the Supreme Court held that 28 U.S.C. § 1367 authorizes the exercise of jurisdiction over actions that do not meet the amount-in-controversy requirement in a case where at least one plaintiff's claim satisfies the requirement. In so holding, the Court reaffirmed the requirement of complete diversity, although it did not address the specific question raised in *Viacom. See id.* at 562, 125 S.Ct. 2611.

The Second Circuit revisited its *Viacom* decision in *Merrill Lynch & Co. v. Allegheny Energy, Inc.,* 500 F.3d 171 (2d Cir.2007). Citing *Exxon,* the Second Circuit repudiated its previous interpretation of 28 U.S.C. § 1367(b) and concluded that the district

court did not have jurisdiction over a counterclaim by a third-party plaintiff against a non-diverse third-party defendant. The court reasoned that:

> *Exxon* makes clear that its expansive interpretation of § 1367 does not extend to additional parties whose presence defeats diversity.... [I]n light of *Exxon*, the district court's reliance on our assumption in *Viacom* that original jurisdiction is anchored in the diversity between the original parties and so any subsequent joinder that is not prohibited by § 1367(b) comes within the court's supplemental jurisdiction was misplaced. It is now apparent that the contamination theory furnishes limitations on joinder in certain circumstances that may well extend beyond the restrictions listed in § 1367(b). *Viacom*, which came down before *Exxon*, did not explore these limitations.

*Id.* at 179.

It is not clear to the Court that *Exxon* required a repudiation of *Viacom*. *Exxon* does not distinguish between original plaintiffs and third-party plaintiffs, nor does it discuss the complete diversity requirement or the contamination theory in the context of third-party claims. Nor is the Court entirely sure how to interpret § 1367(b) in light of *Merrill Lynch*, particularly given the Second Circuit's statement that "[t]he Supreme Court does not define the reach of the contamination theory and does not purport to announce a new standard for assessing diversity defects...." 500 F.3d at 179. To put it bluntly, the law in this area, which had been very clear, is now quite obscure. Fortunately, the Court need not decide this question, for after further consideration, the Court concludes that the non-party shareholders are not necessary parties under Rule 19(a).

1. The Company does not argue that the nonparty shareholders are necessary under Rule 19(a)(1)(A), under which a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties." Nor could it make such an argument: the declaratory judgment that Defendants seek would not require any affirmative obligation on the part of the nonparty shareholders. The declaratory judgment would not prohibit them from selling their shares to the Company or another shareholder; it would merely lift the requirement that

## II.

Rule 19 sets forth a "two-step test for determining whether the court must dismiss an action for failure to join an indispensable party." *Viacom*, 212 F.3d at 724. First, under Rule 19(a) of the *Federal Rules of Civil Procedure*, the Court must determine "whether an absent party belongs in the suit"—that is, whether the party is necessary for a just adjudication of the action. *See id.* Second, if a necessary party cannot be joined, "it must then be determined whether the party's absence warrants dismissal pursuant to Rule 19(b)" because the party is also indispensable. *See id.* at 725.

> Under Rule 19(a)(1), a person must be joined as a party to the action if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a)(1); *see Westchester Disabled On the Move, Inc. v. County of Westchester*, 346 F.Supp.2d 473, 478–79 (S.D.N.Y. 2004). The Company contends that the other shareholders are required parties under Rule 19(a)(1)(B)(i) and (ii).[1] Specifically, the Company argues that because the "right of first refusal" provision in the bylaws also gives the other shareholders the right to purchase Defendants' shares if the Company declines, declaring the provision void would impede the other shareholders' ability to pro-

they do so before offering the shares to the public. *See, e.g., ConnTech Dev. Co. v. Univ. of Conn. Educ. Prop.*, 102 F.3d 677, 682 (2d Cir.1996) (holding that the absent party is not a necessary party because the absent party "is not required to do anything under the arbitration award"); *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 48 (2d Cir.1996) (holding that " 'complete relief' can be accorded even without the [absent party], because nothing in the district court's statements or final judgment requires the [absent party] to do anything or change any of its positions").

tect their interests. In addition, the Company argues that if the other shareholders are not joined, the Company could be held to inconsistent obligations if, say, this Court were to find the provision void and another court were to find the provision valid.

### A.

■ The Company's arguments fail for several reasons. First, "satisfying the second prong of Rule 19(a) is contingent upon an initial requirement that the absent party claim a legally protected interest relating to the subject of the action." *Peregrine Myanmar,* 89 F.3d at 49 (citation, quotation marks and brackets omitted); *see also ConnTech Dev. Co.,* 102 F.3d at 682 ("Subparts (i) and (ii) are contingent . . . upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action."). In other words, "the absent party must be the one claiming the interest. A party named in the litigation cannot assert the interest on the absent party's behalf." *Cont'l Cas. Co. v. Am. Home Assurance Co.,* No. 05 civ 7874, 2008 WL 1752231, at *4 (S.D.N.Y. Apr. 14, 2008) (citing *Peregrine Myanmar,* 89 F.3d at 49); *see also City of New York v. Milhelm Attea & Bros.,* 550 F.Supp.2d 332, 353 (S.D.N.Y. Apr. 30, 2008) ("[B]ecause no [absent party] has claimed an interest relating to the subject of the action, they are not required to be joined under either prong of [Rule 19(a)(1)(B) ]") (citation and quotation marks omitted).

Here, none of the non-party shareholders has claimed an interest in the litigation. And as the Court stated during an on-the-record telephone conference, it is not at all clear that the non-party shareholders would want to claim an interest in this action; it is just as likely that at least some percentage of the non-party shareholders would decide to remain neutral. In any event, even if it is possible that some of the shareholders *would* want to claim an interest in this litigation, it is undisputed that none has done so to date.

### B.

■ Moreover, even if the non-party shareholders had claimed an interest, they still would not meet the requirements of Rule 19(a)(1)(B). The Company argues that if the Court were to invalidate the "right of first refusal" provision as an unreasonable restriction on alienation, the non-party shareholders would lose their right to purchase Defendants' shares if the Company declines. However, merely having an interest in the outcome of the action is not sufficient to meet the requirements of Rule 19(a)(1)(B)(i). As the Second Circuit has stated:

> It is not enough under [Rule 19(a)(1)(B)(i) ] for a third party to have an interest, even a very strong interest, in the litigation. Nor is it enough for a third party to be adversely affected by the outcome of the litigation. Rather, necessary parties under [Rule 19(a)(1)(B)(i) ] are only those parties whose ability to protect their interests would be impaired *because of* that party's absence from the litigation.

*MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n,* 471 F.3d 377, 387 (2d Cir.2006) (emphasis added); *see also Lang v. Barnhart,* 05 Civ. 7263, 2008 WL 4852692, at *3 (S.D.N.Y. April 23, 2008).

■ In this case, the non-party shareholders' ability to protect their interests would not be impaired by their absence, because any interests they may have are adequately protected by the existing parties. "If the nonparties' interests are adequately represented by a[n existing] party, the suit will not impede or impair the nonparties' interests, and therefore the nonparties will not be considered 'necessary.'" *Ramah Navajo Sch. Bd. v. Babbitt,* 87 F.3d 1338, 1351 (D.C.Cir. 1996); *see also Lang,* 2008 WL 4852692, at *4 (finding that absent party was not necessary because absent party did not have competing interests with existing party); *Bank of Am. v. Lemgruber,* 385 F.Supp.2d 200, 232–33 (S.D.N.Y.2005) (same); *Polargrid v. Videsh Sanchar Nigam Ltd.,* No. 04 CV 9578, 2006 WL 2266351, at *9 (S.D.N.Y. Aug. 7, 2006) ("Impairment may be minimized if the absent party is adequately represented in the suit, *i.e.,* if there is another party in the suit with virtually identical interests who would be advancing virtually the same legal and factual positions."); *Cont'l Cas. Co.,* 2008 WL 1752231, at *4 ("When an identity of interest exists between two parties, and one

of the parties will sufficiently represent those interests, the other party is not necessary to the litigation.").

It is unclear whether the shareholders would chose to align themselves with the Company to protect their rights under the "right of first refusal," or whether they would align themselves with the Defendants, agreeing that the by-laws represent an unreasonable restraint on alienation. In all likelihood, some would align with the Company and some would align with the Defendants. In either case, the rights they would seek to vindicate are already adequately protected by either the Company or Defendants. The Court cannot conceive of any legal arguments that the non-party shareholders would make that the Company or Defendants would not already make concerning the "right of first refusal" provision; the Company has certainly not identified any such arguments. And the fact that other shareholders may be called upon to provide evidence is not sufficient to make them necessary parties. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188 (2d Cir.1999) ("Rule 19 ... does not list the need to obtain evidence from an entity or individual as a factor bearing upon whether or not a party is necessary or indispensable to a just adjudication."). In short, there is nothing about their absence *itself* that would cause their interests to be impaired. Therefore, the nonparty shareholders are not necessary parties under Rule 19(a)(1)(B)(i).

### C.

■ Finally, the Court rejects the Company's argument that it would be subject to inconsistent obligations under Rule 19(a)(1)(B)(ii). Inconsistent obligations are not the same as inconsistent adjudication or results. "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Yamaha Motor Corp. v. Ferrarotti*, 242 F.R.D. 178, 184 n. 4 (D.Conn.2007) (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir.1998)); *see also Nelligan v. Community Gen. Hospital of Sullivan County*, 240 F.R.D. 123, 125 (S.D.N.Y.2007). In the hypothetical that the Company raises—

where one court upholds the validity of the by-laws and another court strikes it down— the Company would be able to comply with both court orders. It would merely be able to enforce the "right of first refusal" in one case and not in another. Moreover, as the Court understands it, Defendants seek to strike down the "right of first refusal" as it applies to all shareholders, not just themselves. Otherwise, Defendants could have achieved the relief they seek through their affirmative defenses alone. If the Court were to strike down the "right of first refusal" provision in the by-laws as it applies to all shareholders, then it could not be the case that the Company would have inconsistent obligations. The provision would simply be null and void, period.

### D.

The Company would like the Court to construe the by-laws as a contract, which would normally require that all parties to the contract, *i.e.* the non-party shareholders, be joined as parties. *See Fluent v. Salamanca Indian Lease Auth.*, 928 F.2d 542, 547 (2d Cir.1991); *Crouse–Hinds Co. v. InterNorth Inc.*, 634 F.2d 690, 701 (2d Cir.1980) (same). The Company points to a Connecticut Supreme Court case from 1911 that analogizes a corporate charter to a contract. *See Perkins v. Coffin*, 84 Conn. 275, 288, 79 A. 1070 (1911).

The Court is not convinced that the by-laws are properly characterized as a contract between shareholders. But even if the by-laws are the equivalent of a contract, the non-party shareholders are still not necessary parties under Rule 19(a). While it is true that parties to a contract are generally necessary under Rule 19(a), the absent parties must still meet at least one of the requirements of that section. Most of the time, they will meet one of the requirements. But the statement that normally all parties to a contract must be joined is descriptive not prescriptive. *See Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 141 (2d Cir.2002) ("If the resolution of a plaintiff's claim would require the definition of a non-party's rights under a contract, it is *likely* that the non-party is necessary under Rule 19(a)" (emphasis add-

ed)); *Polargrid,* 2006 WL 2266351, at *9 ("Courts have repeatedly cautioned, however, that the Rule 19 inquiry is a fact specific and practical one, which should not be based on formalistic or mechanical grounds but rather on pragmatic analysis of the effect of a potential party's absence."). And in this case, as explained above, the non-party shareholders are simply not necessary under Rule 19(a).

Furthermore, from a practical perspective, it cannot be the case that every time a shareholder wants to challenge a provision of the corporate by-laws, he or she must join every other shareholder of the company. In a case such as this one, where there are less than one hundred shareholders, it might seem feasible, but it would certainly not be feasible in a case in which there were hundreds or even thousands of shareholders. Adopting the Company's argument would make it almost impossible to challenge corporate by-laws, and that cannot be correct interpretation of Rule 19(a).

### III.

For all of these reasons, the Court rejects the Company's argument that all shareholders must be joined under Rule 19(a). It therefore does not need to reach the question of whether joinder is feasible and, if not, whether the shareholders are also indispensable. Of course, nothing in the Court's decision would preclude any non-party shareholder from seeking to intervene in this action under Rule 24. If any of the shareholders feels that they have an interest that is not adequately protected by the Company or the Defendants, the Court is willing to entertain a motion to intervene. The Court would then determine on an individual basis whether permitting joinder under Rule 24(b) would destroy the Court's jurisdiction under 28 U.S.C. §§ 1332 and 1367. *See Exxon Mobil Corp.,* 545 U.S. at 595 n. 13, 125 S.Ct. 2611 ("[T]hose seeking to join as plaintiffs, whether under Rule 19 or Rule 24, should be treated alike, *i.e.,* denied joinder when inconsistent with the jurisdictional requirements of section 1332.").

For the foregoing reasons, the Motion to Dismiss for Failure to Join Indispensable Parties under Rule 12(b)(7) [doc. # 37] is DENIED.

IT IS SO ORDERED.