Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 11, 2019

**2019 CO 11**

**No. 18SA127,** *In Re Accetta v. Brooks Towers*—Civil Procedure—Joinder—Declaratory
Judgments—Colorado Common Interest Ownership Act.

In this original proceeding pursuant to C.A.R. 21, the supreme court reviews the
district court's order requiring plaintiff to join as indispensable parties the approximately
500 individual unit owners in the Brooks Tower Residences ("Brooks Tower"), rather
than proceeding solely against his condominium association and its board members.

Plaintiff seeks, among other things, a declaratory judgment invalidating a
provision of his condominium association's declaration that provides for ownership
interests to be allocated in the sole discretion of the declarant.

The district court concluded that all of the Brooks Tower unit owners are
indispensable parties and must be joined. The supreme court issued a rule to show cause
and now concludes that, because the condominium association can adequately represent
the interests of the absent unit owners for purposes of plaintiff's declaratory judgment
action, plaintiff need not join those absent owners.

Accordingly, the court makes the rule to show cause absolute.

## The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

### 2019 CO 11

**Supreme Court Case No. 18SA127**
*Original Proceeding Pursuant to C.A.R. 21*
District Court, City and County of Denver, Case No. 17CV34787
Honorable J. Eric Elliff, Judge

**In Re**
**Plaintiff:**

Anthony T. Accetta,

v.

**Defendants:**

Brooks Towers Residences Condominium Association, Inc., a Colorado nonprofit corporation; Mark Trenka, Marla Grant, Bill Clarke, Clay Courter, Robb Green, Alton Darby, Joan Foster, and Jeanne Root, in their capacities as members of the Board of Directors of the Brooks Towers Residences Condominium Association, Inc.

**Rule Made Absolute**
*en banc*

February 11, 2019

**Attorneys for Plaintiff:**
Podoll & Podoll, P.C.
Robert C. Podoll
   *Greenwood Village, Colorado*

Foley & Mansfield, PLLP
Dustin J. Priebe
   *Englewood, Colorado*

**Attorneys for Defendants:**
Nemirow Perez P.C.
Miles Buckingham



Ronald H. Nemirow
   *Lakewood, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.

¶1 In this original proceeding pursuant to C.A.R. 21, we review the district court's order requiring plaintiff Anthony Accetta to join the approximately 500 individual unit owners in the Brooks Tower Residences ("Brooks Tower") as indispensable parties in the present action, rather than proceeding solely against defendants Brooks Towers Residences Condominium Association, Inc. and its board members (collectively, the "Association").

¶2 Accetta seeks, among other things, a declaratory judgment that would invalidate, as contrary to the Colorado Common Interest Ownership Act ("CCIOA"), sections 38-33.3-101 to -402, C.R.S. (2018), the provision of the Amended and Restated Declaration of Covenants, Conditions and Restrictions of the Association (the "Declaration") that provides for ownership interests to be allocated in the sole discretion of the declarant of that Declaration (the "Declarant"). Accetta contends that this provision violates CCIOA's requirement that ownership interests be allocated by formula and has resulted in his paying association dues in excess of his fair share.

¶3 On the Association's motion to dismiss for failure to join indispensable parties, the district court concluded that all of the Brooks Tower unit owners are indispensable parties and must be joined. We issued a rule to show cause and now conclude that, because the Association can adequately represent the interests of the absent unit owners for purposes of Accetta's declaratory judgment claim in this case, Accetta need not join those absent owners. Accordingly, we make the rule to show cause absolute.

## I. Facts and Procedural Background

¶4      Accetta and his wife own a condominium in Brooks Tower. Brooks Tower is comprised of 566 residential units, 13 commercial units, and 297 associated garage units.

¶5      All Brooks Tower unit owners are governed by the Declaration, which allocates condominium fees among the unit owners based on the "value" of each unit. As pertinent here, this value (1) "may or may not be the list price of the Unit as quoted to prospective third-party purchasers" as of the date of the declaration; (2) is determined "in Declarant's sole and arbitrary discretion"; (3) is to be used for the purpose of computing the unit owners' percentage interests in Brooks Tower's common elements; and (4) "shall be final and conclusive."

¶6      Accetta asserts that his unit has been allocated association dues that are over fifty percent higher than the dues allocated to comparable units and that this misallocation has resulted in hundreds of dollars in monthly overcharges. Accordingly, he filed the present action against the Association seeking, among other things, a declaratory judgment invalidating the portion of the Declaration allowing the Declarant to allocate values in its "sole and arbitrary discretion," rather than by way of a formula that allocates percentage ownership consistently among comparable units. Accetta specifically contends that the provision at issue violates CCIOA and is therefore "invalid or otherwise

4

void and must be reformed to comply with the requirements of [CCIOA] and the obligation of good faith."[1]

¶7 The Association moved to dismiss Accetta's complaint, arguing, in pertinent part, that he failed to join indispensable parties, namely, the individual unit owners in Brooks Tower. Specifically, the Association contended that, because the declaratory judgment that Accetta sought could affect the other unit owners' interests, he was required to join those owners pursuant to C.R.C.P. 19(a), C.R.C.P. 57(j), and section 13-51-115, C.R.S. (2018).

¶8 The district court ultimately denied the Association's motion to dismiss, but it agreed with the Association that Accetta was required to join all of the other unit owners before the case could proceed. The court reasoned that, because the other unit owners would be affected by any declaratory judgment concerning the legality of the pertinent provisions of the Declaration, Accetta was required to join them under C.R.C.P. 57(j).

¶9 Accetta petitioned this court for relief under C.A.R. 21, requesting that we issue a rule to show cause why the district court's ruling should not be vacated. We issued the requested rule, and we have had the benefit of full briefing and oral argument in this matter.

---

[1] In his complaint, Accetta also asserts a number of claims seeking recovery of the excessive fees that he alleges to have paid the Association as a result of the Declaration provision at issue. None of these damages claims, however, implicates the interests of the other unit owners so as to warrant possible joinder in this case, and therefore these claims are not pertinent to the issue now before us.

5

## II. Analysis

¶10 We begin by discussing our jurisdiction to hear this matter and the applicable standard of review. We then consider the law applicable to the joinder questions presented, and we conclude that, because the Association can adequately represent the absent unit owners' interests for purposes of Accetta's declaratory judgment claim in this case, Accetta need not join those absent owners pursuant to C.R.C.P. 19(a), C.R.C.P. 57(j), and section 13-51-115.

### A. Original Jurisdiction and Standard of Review

¶11 Exercise of our original jurisdiction under C.A.R. 21 is within our sole discretion. *Fognani v. Young*, 115 P.3d 1268, 1271 (Colo. 2005). An original proceeding under C.A.R. 21 is an extraordinary remedy that is limited in both its purpose and availability. *Wesp v. Everson*, 33 P.3d 191, 194 (Colo. 2001). We generally elect to hear C.A.R. 21 matters that raise issues of first impression and that are of significant public importance, and we have exercised our original jurisdiction to review novel questions of statutory interpretation. *See Smith v. Jeppsen*, 2012 CO 32, ¶ 6, 277 P.3d 224, 226.

¶12 The question that Accetta asks us to resolve here, which involves the construction and interplay of CCIOA and the rules and statutes concerning declaratory relief and the indispensable parties thereto, is one of first impression for this court. Moreover, the issue is one of significant public importance because (1) it potentially affects condominium litigation throughout the state of Colorado and (2) it implicates substantial issues of access to justice. Finally, appellate relief would likely be inadequate in this case because the significant expense of joining and serving some 500 other parties could render

6

Accetta's pursuit of his claims cost prohibitive. *See People v. Dist. Court*, 953 P.2d 184, 187 (Colo. 1998) ("[O]riginal jurisdiction under C.A.R. 21 is appropriate 'when appeal would not provide a plain, speedy, and adequate remedy.'") (quoting *People v. Young*, 814 P.2d 834, 838 (Colo. 1991)).

¶13  We therefore conclude that the exercise of our original jurisdiction is appropriate here.

¶14  Because the issue before us concerns the intersection of the appropriate legal standard for joinder and the legal effect of CCIOA, we review the district court's decision on this issue de novo. *See State v. Medved*, 2019 CO 1, ¶ 13, __ P.3d __ (noting that we review questions of law de novo).

## B. Applicable Legal Principles

¶15  C.R.C.P. 19(a) requires a person properly subject to service of process in an action to be joined as a party in that action if:

> (1) In his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

¶16  C.R.C.P. 57(j) and section 13-51-115 apply similar joinder principles in the context of declaratory judgment actions. Those provisions require joinder of all persons "who have or claim any interest which would be affected by the declaration," and they state that "no declaration shall prejudice the rights of persons not parties to the proceeding." § 13-51-115; C.R.C.P. 57(j).

7

¶17 As the foregoing provisions make clear, merely having an interest in the outcome of an action is insufficient to require joinder. *Gibbs Wire & Steel Co. v. Johnson*, 255 F.R.D. 326, 329 (D. Conn. 2009). Rather, joinder is required when absent parties' ability to protect their interests would be impaired or impeded due to their absence, as, for example, when a requested declaratory judgment could prejudice their rights. § 13-51-115; C.R.C.P. 19(a); C.R.C.P. 57(j).

¶18 Although this court has yet to weigh in on the range of factors that courts should consider in determining whether joinder is required, a division of our court of appeals has observed that, in making such a determination, courts consider, among other things, whether the absent party's interests will be adequately represented based on the current posture of the case. *Kowalchik v. Brohl*, 2012 COA 49, ¶ 12 n.4, 411 P.3d 681, 686 n.4. Numerous federal courts have expressed the same view. *See, e.g., Ohio Valley Envtl. Coal. v. Bulen*, 429 F.3d 493, 504–05 (4th Cir. 2005) (perceiving no abuse of discretion in the district court's determination that joinder was not required when the parties in the litigation were "capable of representing the interests of the [absent parties]"); *Hooper v. Wolfe*, 396 F.3d 744, 749 (6th Cir. 2005) ("When assessing prejudice, the court must consider whether the interests of an absent party are adequately represented by those already a party to the litigation."); *Ramah Navajo Sch. Bd., Inc. v. Babbitt*, 87 F.3d 1338, 1351 (D.C. Cir. 1996) ("If the nonparties' interests are adequately represented by a party, the suit will not impede or impair the nonparties' interests, and therefore the nonparties will not be considered 'necessary.'"); *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) ("Impairment [of an absent party's interests] may be minimized if the absent party

8

is adequately represented in the suit."); *Wichita & Affiliated Tribes of Okla. v. Hodel*, 788 F.2d 765, 774 (D.C. Cir. 1986) ("In some cases the prejudice created by the relevant party's absence is mitigated, or even eliminated, by the presence of a party who will represent the absent party's interest."); *Gibbs Wire & Steel Co.*, 255 F.R.D. at 329 (noting that, if nonparties' interests are adequately represented by a party, then the suit will not impede or impair the nonparties' interests and thus the nonparties need not be joined).

¶19 To determine whether a present party adequately represents the interests of an absent party, courts have considered whether (1) the present party's interests "'are such that it will undoubtedly make all' of the absent party's arguments"; (2) the present party is "'capable of and willing to make such arguments'"; and (3) "the absent party would 'offer any necessary element to the proceedings' that the present [party] would neglect." *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992) (quoting *Cty. of Fresno v. Andrus*, 622 F.2d 436, 439 (9th Cir. 1980)); *accord Martinez v. Clark Cty.*, 846 F. Supp. 2d 1131, 1148 (D. Nev. 2012).

¶20 Applying factors such as these, courts have concluded that joinder was not required when the interests of the absent parties were aligned with those of any of the present parties. *See, e.g.*, *Bulen*, 429 F.3d at 504–05 (affirming the district court's determination that coal associations could adequately represent absent parties because the associations were arguing on behalf of their members, including members whose interests coincided with those of the absent parties); *United States v. Supreme Court of N.M.*, 980 F. Supp. 2d 1334, 1345 (D.N.M. 2013) (concluding that joinder was not required when the absent parties' interests were adequately represented by the defendants and noting

particularly that joinder is not required "where the absent party's interests are aligned with an existing party"), *aff'd*, 839 F.3d 888 (10th Cir. 2016); *Gibbs Wire & Steel Co.*, 255 F.R.D. at 330 (noting that joinder was unnecessary, even though, if joined, some absent parties would align with the plaintiff and others with the defendants, because, in either case, the rights that the absent parties were seeking to vindicate would be adequately protected by one of the existing parties).

¶21 Similarly, one court has concluded that joinder was not required in a case involving a challenge by federal prosecutors to the application of a state disciplinary rule to them. *Supreme Court of N.M.*, 980 F. Supp. 2d at 1345. In that case, federal prosecutors challenged the application to them of a state rule of professional conduct limiting when they could subpoena lawyers in grand jury or other proceedings to present evidence about past or present clients. *Id.* at 1336. As pertinent here, the court was asked to decide whether attorneys who might potentially be affected under the rule were necessary and indispensable parties and whether the prosecutors' failure to join them mandated dismissal of the action. *Id.* The court concluded that the absent parties were not necessary and indispensable because the state regulators who were seeking to "champion" the disciplinary rule had the same interest in defending the rule as the absent attorneys who could be affected by an adverse ruling in the case. *Id.* at 1345.

¶22 And in a case against a county and certain county and state officials challenging a state statute permitting a person to obtain a certificate to solemnize a marriage only if the person was affiliated with a religious organization, the court held that people already holding certificates did not need to be joined. *Martinez*, 846 F. Supp. 2d at 1136, 1149. In

10

so ruling, the court reasoned that joinder was unnecessary because the defendants in the case already had the responsibility and ability to defend the laws at issue against constitutional challenges, which is what the absent parties also would have sought to do. *See id.* at 1149.

¶23    We are persuaded by the analyses set forth in the above-described case law, and we follow the principles discussed in those cases. Applying those principles here, we conclude for several reasons that the absent unit owners need not be joined.

¶24    First, in oral argument, the Association conceded that "the legality of a declaration provision is an issue on which the Association can adequately represent the interests of absent owners." Accordingly, by the Association's admission, joinder of the absent unit owners is unnecessary, at least to the extent that Accetta is seeking a declaratory judgment as to the legality of the Declaration provision at issue.

¶25    Second, several provisions of CCIOA reflect a legislative determination that a unit owners' association can represent the interests of its members, at least in certain circumstances. For example, section 38-33.3-301 provides that every common interest community must have a unit owners' association and that "[t]he membership of the association at all times shall consist exclusively of all unit owners." Section 38-33.3-302(1)(d), in turn, expressly authorizes the association to represent individual unit owners in defense of litigation:

> Except as provided in subsections (2) and (3) of this section, and subject to the provisions of the declaration, the association, without specific authorization in the declaration, may . . . [i]nstitute, defend, or intervene in litigation or administrative proceedings in its own name on behalf of itself

11

or two or more unit owners on matters affecting the common interest community . . . .

¶26 Third, the Association is already defending the legality of the Declaration provision at issue, and, in this regard, its interests would be fully aligned with those of any absent unit owners who would want to preserve the status quo and defeat Accetta's declaratory judgment claim. *See Supreme Court of N.M.*, 980 F. Supp. 2d at 1345 (finding that joinder was not required when the existing parties were already championing the challenged disciplinary rule and, in that regard, had the same interest as the absent parties who likewise wished to uphold the rule); *Martinez*, 846 F. Supp. 2d at 1149 (noting that joinder was unnecessary when the existing defendants had the responsibility and ability to defend a state statute against constitutional challenges and the absent parties would likewise have sought to uphold that statute).

¶27 For these reasons, we conclude that the Association can adequately represent the interests of the absent unit owners with respect to Accetta's claim for a declaratory judgment that the Declaration provision at issue is unlawful. Accordingly, we further conclude that joinder of the absent owners is not required here.

¶28 The division's opinion in *Clubhouse at Fairway Pines, L.L.C. v. Fairway Pines Estates Owners Ass'n*, 214 P.3d 451 (Colo. App. 2008), on which the Association relies, is not to the contrary. The analysis in that case tracks the analysis that we employ here, but the division concluded, on the facts presented, that the association in that case could not adequately represent the absent owners. *Id.* at 453–57. For the reasons discussed above, the record mandates a different conclusion here.

12

¶29 In addition, we are unpersuaded by the Association's assertion that joinder is necessary because Accetta seeks not only a declaratory judgment but also judicial reformation of the Declaration. In our view, the Association misunderstands the nature of the relief that Accetta requests.

¶30 As we understand it, Accetta seeks a declaratory judgment that the Declaration provision at issue is "invalid or otherwise void and must be reformed to comply with the requirements of [CCIOA] and the obligation of good faith." Accetta's complaint does not ask the district court to craft new language for the Declaration, nor do any of the parties before us suggest that the district court here would engage in a process to renegotiate the terms of the Declaration.

¶31 Moreover, in oral argument, Accetta clarified that he was only seeking a declaration that the allocation provision of the Declaration is invalid under CCIOA:

> The overriding relief that's requested by Mr. Accetta in this complaint is the fact that he cannot be overcharged HOA dues in violation of CCIOA . . . and that shouldn't require him to individually name hundreds of other unit owners. At this point in time, that's the declaration that we believe we're entitled to, and that's what we're seeking in this case.

¶32 Thus, were Accetta to prevail on his declaratory judgment claim, the result would be a declaration that the allocation provision at issue is void as contrary to CCIOA and that the Association must reform it.

¶33 In light of the foregoing, we perceive the claim at issue to involve solely a request for declaratory relief concerning the validity of a Declaration provision. Because the

13

Association can adequately represent the absent owners with respect to such a claim, we conclude that Accetta need not join the absent unit owners in this case.[2]

### III. Conclusion

¶34    For the foregoing reasons, we conclude that the Association can adequately represent the interests of the absent unit owners for purposes of Accetta's declaratory judgment claim in this case.  Accordingly, Accetta need not join those unit owners as parties pursuant to C.R.C.P. 19(a), C.R.C.P. 57(j), and section 13-51-115.

¶35    We therefore make the rule to show cause absolute.

---

[2] In light of this disposition, we need not address and express no opinion on Accetta's contention that section 38-33.3-311(1) controls and makes clear that joinder is not required in this case.