1
 2025 CO 38 In Re The People of the State of Colorado, Plaintiff v. Adetayo Sotade. Defendant No. 25SA9
Supreme Court of Colorado, En Banc
June 9, 2025
 
          
 Original Proceeding Pursuant to C.A.R. 21 Douglas County
 District Court Case No. 21CR60 Honorable Victoria
 Klingensmith, Judge
 
 
          
 ORDER MADE ABSOLUTE
 
 
          
 Attorneys for Plaintiff: Philip J. Weiser, Attorney General
 Kelley M. Dziedzic, Assistant Attorney General Denver,
 Colorado
 
 
          
 Attorneys for Defendant: Megan A. Ring, Public Defender
 Michael C. Mattis, Deputy Public Defender Denver, Colorado
 
 
           Ara
 Ohanian, Deputy Public Defender Elizabeth Orton, Deputy
 Public Defender Castle Rock Colorado
 
 2
 
          
 Attorneys for Respondent Douglas County District Court:
 Philip J. Weiser, Attorney General Lauren M. Dickey, First
 Assistant Attorney General Brady J. Grassmeyer, Senior
 Assistant Attorney General Conor A. Kruger, Assistant
 Attorney General Denver, Colorado
 
 
          
 Attorneys for Amicus Curiae Office of the Alternate Defense
 Counsel: Gibson, Dunn & Crutcher LLP John Partridge Al
 Kelly NoahLani Litwinsella Denver, Colorado
 
 
          
 JUSTICE HART delivered the Opinion of the Court, in which
 CHIEF JUSTICE MÁRQUEZ, JUSTICE BOATRIGHT, JUSTICE
 HOOD, JUSTICE GABRIEL, JUSTICE SAMOUR, and JUSTICE
 BERKENKOTTER joined.
 
 3
 
          
 OPINION
 
 
           HART
 JUSTICE
 
 
          ¶1
 In this original proceeding, we consider whether a show-cause
 hearing under section 24-72-305(7), C.R.S. (2024)
 ("subsection 305(7)"), of the Colorado Criminal
 Justice Records Act ("CCJRA"), can be held in a
 district court outside of the district where the requested
 records are located. The question presents itself here
 because the Colorado Bureau of Investigations
 ("CBI") is located in Jefferson County, where it
 maintains its records, and some of those records are being
 sought in a criminal case in Douglas County District Court.
 
 
          ¶2
 Subsection 305(7) provides that a party who is denied access
 to inspect a record covered by the CCJRA may submit an
 application "to the district court of the district
 wherein the record is found for an order directing the
 custodian of such record to show cause why said custodian
 should not permit the inspection of such record." The
 parties' dispute here turns on two questions: (1) whether
 the word "may," as used in the subsection, is
 mandatory or permissive; and (2) whether the Douglas County
 District Court has ancillary jurisdiction over a CCJRA
 application, independent of the statutory provision.
 
 
          ¶3
 We conclude that the plain language of the statute requires
 that a CCJRA show-cause hearing take place in the district
 court of the district where the records are found, and that
 ancillary jurisdiction is unavailable because the statutory
 
 4
 
 provision squarely applies. Accordingly, we make the order to
 show cause absolute.
 
 
          I.
 Facts and Procedural History
 
 
          ¶4
 Adetayo Sotade is a defendant in an ongoing criminal case in
 Douglas
 
 
          County,
 where he is represented by counsel from the Office of the
 State Public Defender ("OSPD"). He is charged with
 second degree kidnapping, sexual assault, and unlawful sexual
 contact. As part of the underlying criminal investigation,
 the CBI conducted forensic laboratory testing. During the
 pendency of Sotade's criminal case, however, the CBI
 learned that one of its DNA analysts, Yvonne
 "Missy" Woods, had tampered with DNA testing in
 numerous cases over the course of decades. Though another CBI
 analyst conducted the testing in Sotade's case, Woods was
 the technical reviewer.
 
 
          ¶5
 Sotade endorsed Woods as a witness and, in April 2024, issued
 two Subpoenas Duces Tecum ("SDTs") to the CBI for
 its internal affairs investigation records related to Woods,
 as well as other lab records relating to the primary analyst
 in his case. The CBI produced responsive documents, which the
 district court reviewed and provided to the parties subject
 to a protective order.
 
 
          ¶6
 In July and September 2024, the OSPD submitted two records
 requests to the CBI, pursuant to the CCJRA, seeking records
 related to (1) "any and all" cases in which Woods
 was the analyst or technical reviewer and (2) "all"
 of the cases in
 
 5
 
 which Woods had testified in a courtroom since 2007. The
 CBI's custodian of records responded to both CCJRA
 requests, (1) explaining that the custodian had made the
 discretionary choice to withhold the records of cases in
 which Woods was an analyst or technical reviewer; and (2)
 providing a list of jurisdictions and dates where Woods had
 given courtroom testimony during the requested timeframes,
 but with the case names and numbers redacted.
 
 
          ¶7
 Sotade subsequently filed an Application to Show Cause
 ("the Application") in his criminal case,
 contesting the CBI's denial of the OSPD's records
 request. Within days, the CBI responded by filing a Motion to
 Quash or Dismiss Public Defender's Application to Show
 Cause for Lack of Jurisdiction. It argued that the Douglas
 County District Court lacked jurisdiction over the
 Application because the records at issue were located at the
 CBI's headquarters in Jefferson County.
 
 
          ¶8
 The district court held a hearing on the Application to
 determine whether it could exercise jurisdiction under
 subsection 305(7) or ancillary jurisdiction under Woo v.
 El Paso County Sheriff's Office, 2022 CO 56, 528
 P.3d 899. The court concluded that it could exercise
 ancillary jurisdiction over the Application and scheduled a
 show-cause hearing.
 
 
          ¶9
 The CBI thereafter filed a Petition for Rule to Show Cause in
 this court, pursuant to C.A.R. 21, arguing that the district
 court lacked jurisdiction over the
 
 6
 
 application because (1) the CCJRA requires anyone who is
 denied access to inspect a criminal justice record to submit
 an application in the district court of the district where
 the records are located, and (2) ancillary jurisdiction is
 unavailable under the circumstances presented here. We
 granted the CBI's petition.[1]
 
 
          II.
 Analysis
 
 
          ¶10
 We begin by explaining why exercising our original
 jurisdiction under C.A.R. 21 is appropriate. Then, we address
 the core tenets of statutory interpretation and conclude that
 the plain language of subsection 305(7) requires a person
 whose records request was denied to seek a CCJRA show-cause
 hearing in the district court of the district where the
 records are found. We then discuss the doctrine of ancillary
 jurisdiction and hold that it is inapplicable here because
 subsection 305(7) applies. We therefore make the order to
 show cause absolute.
 
 
          A. Our
 C.A.R. 21 Jurisdiction
 
 
          ¶11
 Whether we exercise original jurisdiction pursuant to C.A.R.
 21 is a matter entirely within our discretion. People v.
 Hernandez, 2021 CO 45, ¶ 13, 488 P.3d 1055, 1060.
 "An original proceeding under C.A.R. 21 is an
 extraordinary remedy that is
 
 7
 
 limited in both its purpose and availability."
 Accetta v. Brooks Towers Residences Condo.
 Ass'n, 2019 CO 11, ¶ 11, 434 P.3d 600, 602.
 Exercise of our original jurisdiction, however, is
 appropriate to review a trial court's pretrial orders
 when an appellate remedy would be inadequate, see, e.g.,
 Ortega v. Colo. Permanente Med. Grp., P.C., 265 P.3d
 444, 447 (Colo. 2011); C.A.R. 21(a)(2) (providing that
 "relief will be granted only when no other adequate
 remedy is available, including relief available by
 appeal"), or when a party may otherwise suffer
 irreparable harm. See People v. Tafoya, 2019 CO 13,
 ¶ 13, 434 P.3d 1193, 1195. We have previously heard
 cases involving the issue of venue under C.A.R. 21 because
 they "directly affect the trial court's jurisdiction
 and authority to proceed with a case" and "review
 of a venue determination serves to avoid the delay and
 expense involved in re-trial should this court deem venue
 improper." Magill v. Ford Motor Co., 2016 CO
 57, ¶ 10, 379 P.3d 1033, 1036 (quoting
 Hagan v. Farmers Ins. Exch., 2015 CO 6, ¶ 13,
 342P.3d 427, 432).
 
 
          ¶12
 An appellate remedy would not be adequate to address the
 issue presented in this case. If the district court holds a
 show-cause hearing, the CBI will have no choice but to attend
 that hearing in Douglas County, regardless of whether venue
 was proper there. Further, if the district court determines
 that the CBI custodian's response to the records requests
 constitutes an abuse of discretion, the CBI will have to
 produce the records irrespective of whether the district
 court was
 
 8
 
 permitted to hold a show-cause hearing in the first place;
 and disclosure of records through the CCJRA forecloses the
 opportunity to seek a protective order or to file a motion to
 quash through the normal pretrial discovery procedures.
 See People v. Spykstra, 234 P.3d 662,
 666-67 (Colo. 2010) (holding that the People have standing to
 seek protective orders or to move to quash SDTs served on
 third parties). No appellate review could sufficiently
 redress these harms.
 
 
          ¶13
 Further, we generally opt to invoke our original jurisdiction
 under C.A.R. 21 to address issues of first impression that
 are of significant public importance. See
 Accetta, ¶ 11, 434 P.3d at 602. No Colorado
 appellate court has yet addressed whether section
 24-72-305(7) permits a CCJRA show-cause hearing to take place
 outside of the jurisdiction where the records are located.
 And, if the district court's invocation of ancillary
 jurisdiction is correct, all public agencies who maintain
 criminal justice records subject to the CCJRA could be
 subjected to show-cause hearings in jurisdictions across the
 state.
 
 
          ¶14
 For these reasons, we exercise our original jurisdiction
 under C.A.R. 21.
 
 
          B.
 Section 24-72-305(7) Requires that an Application Be Filed in
 the District Court of the District Where the Records Are
 Located
 
 
          ¶15
 We review questions of statutory interpretation de novo.
 Thomas v. People, 2021 CO 84, ¶ 58, 500 P.3d
 1095, 1108. When interpreting a statutory provision, we
 "give 'its words and phrases their plain and
 ordinary meaning'" and read them
 
 9
 
 "in context and in accordance with the rules of grammar
 and common usage." Id. (quoting McCulley v.
 People, 2020 CO 40, ¶ 10, 463 P.3d 254, 257). Our
 aim in statutory interpretation is to effectuate the General
 Assembly's intent. Arvada Vill. Gardens LP
 v. Garate, 2023 CO 24, ¶ 9, 529 P.3d 105, 107. If a
 statute is unambiguous, we apply it as written. Id.
 
 
          ¶16
 Subsection 305(7) provides, in relevant part:
 
 
 Any person denied access to inspect any criminal justice
 record covered by this part [three] may apply to the
 district court of the district wherein the record is
 found for an order directing the custodian of such
 record to show cause why said custodian should not permit the
 inspection of such record.
 
 
 (Emphasis added.)
 
 
          ¶17
 The CBI argues that the statute unambiguously requires that
 any person seeking an order directing a custodian of records
 to show cause for their denial of a CCJRA request may do so
 only in the district court of the district where the
 records are located. It observes that the use of
 "may," rather than "shall" or
 "must," in the statutory provision is logical
 because a person is not required to seek a
 show-cause order, which the more mandatory language in the
 same sentence would suggest-instead, whether to seek a
 show-cause order is a choice. However, if a person does
 choose to seek a show-cause order, the statute provides that
 they "may" do so only in the designated location.
 
 10
 
          ¶18
 Sotade reads the statutory language differently, arguing the
 word "may" makes the entire subsection permissive,
 not mandatory. He asserts that this permissive language gives
 a record seeker an option, but not the only option, to seek a
 right to inspect records covered by the CCJRA. If this is not
 a limiting provision, however, as the CBI notes, then a
 person seeking review of records could file anywhere in the
 state and the word "may" would become superfluous.
 
 
          ¶19
 Both Sotade and the district court rely heavily on our
 decision in People v. Sprinkle, 2021 CO 60, 489 P.3d
 1242, to support their argument that "may" is
 permissive rather than mandatory as used in subsection
 305(7). Sprinkle examined a different provision of
 the CCJRA-one focused on internal investigation files-that
 uses language that is nearly identical to that at issue here.
 See Sprinkle, ¶ 16, 489 P.3d at 1245-46
 ("Any person who has been denied access to any
 information in a completed internal affairs investigation
 file may file an application in the district court in the
 county where the records are located . . . ."
 (emphasis added) (quoting § 24-72-303(4)(f), C.R.S.
 (2024))).
 
 
          ¶20
 There, in preparation for trial, a defense investigator filed
 a CCJRA records request with the El Paso County Sheriff's
 Office ("EPCSO") seeking information about two
 deputies who had been involved in Sprinkle's case.
 Id. at ¶ 4, 489 P.3d at 1244. EPCSO denied the
 request. Id. Sprinkle then filed an SDT for the same
 
 11
 
 deputies' internal records, and EPCSO moved to quash the
 SDT. Id. at ¶ 5, 489 P.3d at 1244.
 
 
          ¶21
 At the hearing, the court sua sponte noted that the request
 seemed to fall under the CCJRA, so Sprinkle was entitled to a
 show-cause hearing. Id. at ¶ 6, 489 P.3d at
 1244. EPCSO agreed and requested a show-cause hearing.
 Id. Sprinkle's attorney also agreed, and the
 district court scheduled the hearing, despite the fact that
 Sprinkle had not filed the application. Id. Days
 before the hearing was set to occur, EPCSO filed a motion
 claiming that the district court lacked jurisdiction.
 Id. at ¶ 7, 489 P.3d at 1244.
 
 
          ¶22
 On appeal to this court, EPCSO argued that the statutory
 language, "may file an application," created a
 jurisdictional prerequisite for a show-cause hearing under
 section 24-72-303(4)(f), which Sprinkle had not met.
 Id. at ¶¶ 13-19, 489 P.3d at 1245-46. We
 disagreed. Id. at ¶¶ 18-19, 489 P.3d at
 1246. We concluded that the application requirement was
 non-jurisdictional and therefore could be-and was-waived when
 EPCSO requested the show-cause hearing. Id.
 Accordingly, we held that Sprinkle's failure to file an
 application did not divest the district court of
 jurisdiction. Id. at ¶ 20, 489 P.3d at 1246.
 
 
          ¶23
 Contrary to Sotade's contention, Sprinkle does
 not answer the question posed in this case. We stand by our
 conclusion that the district court in El Paso County-where
 the records were located-could hold a show-cause hearing
 
 12
 
 regarding access to those records even though it was the
 county, and not Sprinkle, who brought the issue to the
 court's attention. The El Paso County court was the
 correct location to resolve the record inspection issue.
 
 
          ¶24
 Here, we must resolve whether subsection 305(7) permits a
 show-cause hearing for inspection of records in a district
 other than where those records are located-that question was
 not at issue in Sprinkle, and we had no occasion to
 consider it there. The plain language of subsection 305(7)
 gives authority "to the district court of the district
 wherein the record is found." It does not add
 contingencies or exceptions to allow for another district
 court to exercise jurisdiction when the requested records
 relate to a proceeding before it. And, again, though
 Sotade's criminal case is before the Douglas County
 District C ourt, the OSPD's requests sought CCJRA records
 located at the CBI headquarters in Jefferson County.
 Therefore, the plain language of subsection 305(7) required
 that Sotade file the Application in the Jefferson County
 district court.
 
 
          ¶25
 The district court points out that subsection 305(7) does not
 divest other district courts of subject matter jurisdiction
 over the question as a general matter, and we agree. District
 courts in Colorado are courts of general jurisdiction,
 see, e.g., Marks v. Gessler, 2013 COA 115,
 ¶ 70, 2350 P.3d 883, 898, and any district court might
 have authority to hear a CCJRA show-cause proceeding-if the
 relevant
 
 13
 
 records are located in that court's district. Subsection
 305(7) is more analogous to a venue provision than to a
 jurisdictional one. But that does not make it less of a
 legislative limitation on where claims may be brought.
 
 
          ¶26
 Logistically, it would make little sense to conclude
 otherwise. In this case, for example, given the statewide
 impacts of Woods's misconduct on past and pending
 criminal cases, the CBI could potentially be forced to attend
 show-cause hearings in any number of Colorado jurisdictions
 to defend the custodian's denial of the CCJRA request. It
 is far more practical and consistent with the statute that a
 show-cause hearing be held in Jefferson County, where the
 records are located, especially given that the OSPD-not a
 specific defendant or their counsel-made the broad CCJRA
 requests underlying this dispute. Should an individual
 defendant wish to access relevant criminal justice records
 from a public entity, the normal discovery tools are
 available to that defendant. Sotade, in fact, did as much
 through his use of SDTs and by endorsing Woods as a witness.
 The CCJRA, however, is not a discovery tool.
 
 
          ¶27
 Accordingly, we hold that the plain language of subsection
 305(7) means what it says: A person who is denied access to
 inspect criminal justice records under the CCJRA must seek an
 order directing the custodian of records to show cause in the
 district court of the district where the records are located.
 
 14
 
          C.
 Ancillary Jurisdiction Is Not Available Here
 
 
          ¶28
 The district court, however, did not suggest that it had
 jurisdiction under subsection 305(7). Instead, the court
 concluded that it had ancillary jurisdiction under
 Woo, ¶¶ 28-41, 528 P.3d at 906-09. The CBI
 argues that this was error because (1) ancillary jurisdiction
 is not available when there is a governing statute or rule
 that controls; and (2) even if ancillary jurisdiction could
 apply when there is a statute on point, the four criteria
 required to invoke ancillary jurisdiction are not present
 here.[2] Sotade and the district court counter that
 ancillary jurisdiction is proper in this case for purposes of
 judicial economy and that the criteria for exercising
 ancillary jurisdiction are met. We agree with the CBI on its
 first contention, so we do not address whether the elements
 for ancillary jurisdiction are met here.
 
 
          ¶29
 Ancillary jurisdiction is a judicially created doctrine, the
 core purpose of which is judicial efficiency. Id. at
 ¶¶ 36-39, 528 P.3d at 908-09. We have noted,
 though, that "[ancillary jurisdiction is not a
 substitute for subject matter jurisdiction; it is a
 supplement to subject matter jurisdiction." Id.
 at ¶ 38, 528 P.3d
 
 15
 
 at 909. In cases where ancillary jurisdiction applies, it may
 be invoked subject to a four-part test:
 
 
 (1) the ancillary matter arises from the same transaction
 which was the basis of the main proceeding, or arises during
 the course of the main matter, or is an integral part of the
 main matter; (2) the ancillary matter can be determined
 without a substantial new factfinding proceeding; (3)
 determination of the ancillary matter through an ancillary
 order would not deprive a party of a substantial procedural
 or substantive right; and (4) the ancillary matter must be
 settled to protect the integrity of the main proceeding or to
 insure that the disposition in the main proceeding will not
 be frustrated.
 
 
 Id. at ¶ 28, 528 P.3d at 907 (quoting
 People v. Hargrave, 179 P.3d 226, 229-30 (Colo.App.
 2007)). "[A]ll courts, absent some specific
 statutory denial of power, possess ancillary powers to
 effectuate their jurisdiction." Id. at ¶
 39, 528 P.3d at 909 (alteration in original) (emphasis added)
 (quoting Morrow v. D.C., 417 F.2d 728, 737 (D.C.
 Cir. 1969)).
 
 
          ¶30
 In Woo, after the defendant was sentenced for first
 degree murder, he brought a civil action seeking the return
 of his property that had been lawfully seized by the
 government as part of his criminal case. ¶ 5, 528 P.3d
 at 902-03. That action, however, was dismissed by the
 district court as barred by the Colorado Governmental
 Immunity Act ("CGIA"). Id., 528 P.3d at
 903. Woo appealed, arguing that the CGIA rendered him without
 any remedy and therefore violated his state and federal due
 process rights. Id. We disagreed. Id. at
 ¶ 52, 528 P.3d at 912. In so doing, we expressly
 acknowledged that there was no statute or rule
 
 16
 
 allowing a criminal defendant to seek the return of
 government-seized property. Id. at ¶ 24, 528
 P.3d at 906. We emphasized that "requiring defendants to
 file a motion for return of property before sentencing would
 likely be an illusory remedy" at best, and that
 "challenging hurdles" existed for a criminal
 defendant seeking the return of their property through a
 civil action. Id. at ¶¶ 34-35, 528 P.3d at
 908. Accordingly, we concluded that ancillary jurisdiction
 could be applicable in that case and applied a four-part test
 to determine if it was appropriate. Id. at
 ¶¶ 24-36, 528 P.3d at 906-08.
 
 
          ¶31
 By setting venue in the district where the records reside,
 subsection 305(7) squarely applies to divest courts outside
 of that district of authority to consider a show-cause
 application. Consequently, ancillary jurisdiction is not an
 option. The concerns we enumerated in Woo are simply
 not present. There are no "illusory remed[ies]" or
 "challenging hurdles" here. Subsection 305(7)
 provides a clear statutory scheme under which a person can
 request a CCJRA show-cause hearing in a specific venue-where
 the records are located. Further, an individual in
 Sotade's position has other avenues available by way of
 discovery tools. And notably in the context of this case,
 unlike a criminal defendant seeking the return of his seized
 property, Sotade does not seek to address a matter particular
 to him. In fact, Sotade did not file the CCJRA request at
 issue here-the OSPD did.
 
 17
 
          ¶32
 We therefore hold that, given the applicability of subsection
 305(7), ancillary jurisdiction is not available under these
 circumstances. Thus, because it is not necessary to do so, we
 do not evaluate whether the four-part test for assessing the
 appropriateness of exercising ancillary jurisdiction under
 these specific circumstances is satisfied.
 
 
          III.
 Conclusion
 
 
          ¶33
 The plain language of subsection 305(7) requires a litigant
 to request a CCJRA show-cause hearing in the district court
 of the district where the requested records are located.
 Further, ancillary jurisdiction is unavailable where a rule
 or statute specifically applies. Subsection 305(7)
 establishes a clear venue for requesting CCJRA records, so
 ancillary jurisdiction has no application here. Accordingly,
 we make absolute the order to show cause and remand this case
 for further proceedings in the district court.
 
 
 ---------
 
 
 Notes:
 
 
 [1] Specifically, we granted review of the
 following issue:
 
 
 1. Whether the district court exceeded its
 jurisdiction and violated section 24-72-305, C.R.S. (2024),
 when it ordered a show-cause hearing in [Sotade]'s
 criminal case in Douglas County, rather than in a separate
 civil proceeding where the requested records reside in
 Jefferson County.
 
 
 [2]Sotade argues that the CBI waived these
 arguments because, after the district court concluded it
 could invoke ancillary jurisdiction here, the CBI refused to
 make a record. We disagree. The CBI expressly argued at the
 motions hearing that the Jefferson County District Court had
 exclusive jurisdiction over the CCJRA show-cause hearings,
 and the district court should not turn to ancillary
 jurisdiction in light of subsection 305(7)'s express
 requirements.
 
 
 ---------